```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RAYMOND THOMAS,                     x
                                    x    99 Cr. 1189 (SWK)
                    Petitioner,     x    04 Civ. 5290 (SWK)
                                    x
            -against-               x
                                    x
UNITED STATES OF AMERICA,           x    OPINION & ORDER
                                    x
                    Respondent.     x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Pro se petitioner Raymond Thomas ("Thomas") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Thomas contends that: (1) his guilty plea was not made voluntarily or with understanding of the nature of the charges against him; (2) he did not receive effective assistance of counsel; and (3) the charging information was improperly amended. For the reasons set forth below, the petition is denied.

## BACKGROUND

Thomas was convicted of several felonies in New York state court during the 1990s. First, in 1990, he was convicted of criminal sale of a controlled substance. Then, in 1993, he was convicted of attempted criminal possession of a weapon. In the late 1990s, Thomas was convicted of robbery and, once again, attempted criminal possession of a weapon. While incarcerated for the latter two offenses, Thomas wrote several letters to a

friend, indicating that he still had several firearms stored at his wife's residence and that he would need them upon his release from prison. In the letters, Thomas instructed his friend to relay the messages to his wife so that she would be prepared to provide him with the firearms upon his release. After Thomas's wife surrendered the firearms to the New York City Police Department, the Federal Government charged Thomas with possessing, while a felon, the several firearms referred to in his letters. Thomas, represented by counsel, negotiated a plea agreement with the government that defined a stipulated Sentencing Guidelines range of 110 to 120 months imprisonment. On May 10, 2000, after a colloquy with this Court, Thomas pleaded guilty to an information charging him with the felon-in-possession offense. The Court later sentenced Thomas to 110 months imprisonment.

On February 5, 2001, Thomas filed a notice of appeal. In his appeal, Thomas alleged that he received ineffective assistance during the district court proceedings because his counsel gave him inaccurate advice about his exposure under the Guidelines. On March 25, 2002, the Second Circuit remanded the case to this Court for additional findings relevant to Thomas's ineffective assistance claim. This Court then held a post-conviction hearing on the effectiveness of Thomas's counsel during which trial counsel testified about his representation of

Thomas. Though the hearing was primarily focused on trial counsel's advice regarding the Guidelines, trial counsel also indicated that he had discussed the issue of constructive possession with Thomas, but that Thomas repeatedly enunciated that he did not want to go to trial. The Court issued factual findings on the basis of the hearing testimony, finding that "the testimony of [trial counsel was] credible as to his recall of conversations between he and his client and the progression of the case." United States v. Thomas, No. 99 Cr. 1189, 2002 WL 31761549, at *1 (S.D.N.Y. Dec. 9, 2002).

After the Court issued those findings, Thomas renewed his request for the Second Circuit to vacate his guilty plea due to ineffective assistance of counsel. Thomas limited his appeal to the allegation that his trial counsel provided mistaken advice about Thomas's exposure under the Guidelines. On September 4, 2003, the Second Circuit issued a summary order rejecting Thomas's argument and affirming his conviction and sentence.

Thomas filed the instant petition on June 9, 2004, alleging that: (1) his guilty plea was not made voluntarily or with understanding of the nature of the charges against him, in violation of Federal Rule of Criminal Procedure 11; (2) he did not receive effective assistance of counsel; and (3) the charging information was improperly amended. (Petr.'s Br. 2.) All of these claims are grounded on Thomas's alleged

3

misunderstanding of the difference between actual and constructive possession. Thomas failed to affirmatively raise this issue in the underlying proceedings, the post-conviction hearing, or the direct appeal.

**DISCUSSION**

**I. Thomas's Collateral Attack on the Voluntariness of His Guilty Plea is Procedurally Barred**

Thomas argues that because "the court failed to inform him of the difference between actual possession and constructive possession[,] his guilty plea could not have been [made] knowingly, [with] understanding or voluntarily." (Petr.'s Br. 5-6.) In essence, the petitioner attacks the voluntariness and intelligence of his guilty plea, arguing that the plea was made in violation of Federal Rule of Criminal Procedure 11(b).[1] Notably, however, Thomas failed to present this argument on his initial appeal, during the supplemental hearing, or on the subsequent appeal.

As a general rule, defendants are barred from employing § 2255 as a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). The Supreme Court has stated that "even the voluntariness and intelligence of a guilty plea can be

---

[1] Rule 11(b) governs the acceptance of guilty pleas and requires the court to "determine that the defendant understands . . . the nature of each charge to which the defendant is pleading" and "that the plea is voluntary and did not result from forces, threats, or promises." Fed. R. Crim. P. 11(b)(1)(g) & (2).

attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). "[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998) (citing Bousley, 523 U.S. at 622; Murray v. Carrier, 477 U.S. 478, 496 (1986)).

The test for cause and prejudice has been narrowly defined. "The Supreme Court has stated that '"cause" under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him.'" Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). In addition, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).

Thomas does not establish cause for failing to challenge the voluntariness of his plea on appeal. In fact, Thomas focuses solely on the events of the plea colloquy and his trial

5

counsel's behavior, and he fails to explain why the instant argument was not raised on appeal. Thomas's failure to raise this argument earlier is even more glaring in light of the post-conviction proceedings held after his initial appeal.[2] Thomas had the benefit of counsel during the allegedly defective plea allocution, and new counsel during the post-conviction hearing and his appellate challenges to the allocution, but failed to raise the instant argument at any point. Even if Thomas argued that both attorneys failed to challenge the Court's instructions "due to ignorance or inadvertence, this is insufficient to constitute cause" for his procedural default. Marone, 10 F.3d at 67.

The Court may also excuse Thomas's procedural default if he can establish that he is "actually innocent" of the crime to which he pleaded guilty; that is, "if, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of possessing a firearm after having been convicted of a felony. DeJesus, 161 F.3d at 103 (citing Bousley, 523 U.S. at 623; Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Here, Thomas does not contest his guilt, but only the

---

[2] In those proceedings, Thomas, with assistance of new counsel, alleged ineffective assistance of trial counsel, but limited the grounds of that challenge to his trial counsel's advice concerning the Guidelines. Despite a fresh look at the plea proceedings, with assistance of new counsel and an opportunity to question his trial counsel, Thomas failed to raise the issue that he now contends undermined the integrity of his plea.

theory of possession underlying his conviction. As the petitioner puts it: "Defendant could not have actually possessed firearms because he was incarcerated for two years prior to when the government retrieved the firearms. The governments [sic] evidence did not support actual possession. Therefore defendant is actually innocent of that charge." (Petr.'s Br. 3.)

Thomas's assertions are insufficient to demonstrate that he is actually innocent of the felon-in-possession conviction. "To sustain a conviction under section 922(g), the government need not prove that [the defendant] physically possessed the firearm; rather, proof of constructive possession is sufficient." United States v. Dhinsa, 243 F.3d 635, 676 (2d Cir. 2001) (citing United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998); United States v. Rivera, 844 F.2d 916, 925 (2d Cir. 1988)). During his plea colloquy, Thomas admitted to both constructive and actual possession. In response to questioning about the firearms in his wife's house, Thomas stated that he "intended to possess the firearms when [he] was released from prison" and confirmed that he wrote his wife the "letters saying that [he] intended to possess and control those weapons and [] wanted those weapons when [he was] released." (Plea Tr. 12-13). Thomas even admitted actual possession, confirming that, after he had already been convicted of a felony, he brought some of the firearms into his wife's house and received others as gifts from his wife. (Id. at

7

13-14). The government's evidence and the admissions made at the plea hearing undermine a claim of actual innocence. Accordingly, Thomas's first argument is procedurally defaulted.

**II. Thomas Fails to Establish Ineffective Assistance of Counsel**

For the second time, his first allegation having been rejected by the Second Circuit in its September 4, 2003 summary order, Thomas alleges ineffective assistance of trial counsel. In this petition, however, Thomas bases his ineffective assistance allegation upon a different factual premise. As with the first claim in his habeas petition, Thomas's ineffective assistance claim in this petition is grounded on his alleged misunderstanding of the different legal theories of possession. Specifically, Thomas alleges that his "counsel had a duty to explain the difference between actual possession and constructive possession before advising his client to enter a plea of guilty" and that, had trial counsel done so, he "would have chosen to go to trial." (Petr.'s Br. 9.)

Ineffective assistance claims are evaluated under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (applying Strickland "to challenges of guilty pleas based on ineffective assistance of counsel"). To prevail under Strickland's two-part inquiry, a petitioner must establish that "counsel's representations fell below an

8

objective standard of reasonableness," and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. In considering the petitioner's contentions, courts recognize that

> the representations of the defendant [at his original plea hearing] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). This maxim is particularly relevant to the instant petition, in which Thomas, despite significant evidence from the original plea colloquy and post-conviction hearing indicating otherwise, claims that trial counsel failed to explain the theory of constructive possession.

During his plea hearing, Thomas confirmed that he had adequately discussed his case with trial counsel and that there was nothing about it that he did not understand. (Plea Tr. 4-5.) Thomas went on to express satisfaction with his trial counsel and explicitly reject the opportunity to obtain new counsel. (Id. at 5.) He then confirmed that he had discussed the elements of his crime with counsel, and waived his opportunity to discuss them further at that time. (Id. at 10.) His lawyer explicitly stated that his client would be pleading guilty based on a constructive possession theory, at which time Thomas, without

9

objection, admitted the facts supporting a conviction based on that theory. (Id. at 12-13). Moreover, during Thomas's post-conviction hearing, trial counsel testified that he and Thomas had discussed constructive possession and that Thomas was aware of the legal issues surrounding that theory, but that Thomas did not want to go to trial due to the strength of the evidence against him. (Post-Conviction Hr'g Tr. 5, 23-24.)

In light of Thomas's assertions during the plea hearing that he was pleased with trial counsel, aware of the charges to which he was pleading, and responsible for the actions proving his constructive possession of numerous firearms, this Court is not persuaded by his conclusory allegations to the contrary nearly two years later. Moreover, his trial counsel's statements at the post-conviction hearing belie Thomas's claim that his lawyer failed to inform him of the theory of constructive possession. In that hearing, trial counsel made clear that he had informed Thomas that constructive possession raised a potentially triable issue, and discussed the issue with him, but that Thomas insisted he did not want to go trial. Considering all of the contrary evidence, this Court cannot say that counsel's representations fell below an objective standard of reasonableness. Because Thomas fails to pass the first part of the Strickland inquiry, this Court need not consider the second

part of that test. Thomas's claim of ineffective assistance of counsel is therefore denied.[3]

**III. The Information Was Not Constructively Amended**

Finally, Thomas argues that there was a constructive amendment of the Information because Thomas pleaded to the felon-in-possession charge under a theory of constructive, rather than actual, possession. A constructive amendment occurs where the evidence and charging instructions underlying a conviction "modify essential elements of the offense charged" in the information or indictment. United States v. Clemente, 22 F.3d 477, 482 (2d Cir. 1994) (citations omitted). Even assuming that a constructive amendment claim is cognizable in the context of a defendant's guilty plea, there is no evidence that there was a constructive amendment in this case.[4]

---

[3] In the habeas context, a district court shall hold an evidentiary hearing for a petitioner "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The district court may rely on its own familiarity with the case to deny a motion without a hearing if the court is convinced that the motion "lacks any truly meritorious evidence." United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990). This Court presided over all of Thomas's trial proceedings. The record clearly demonstrates that Thomas lacks the evidence necessary to prove ineffective assistance. The Court's decision to forego an additional hearing is further bolstered by the earlier post-conviction hearing at which it evaluated the credibility of trial counsel and heard testimony regarding his discussion with Thomas about the theory of constructive possession.

[4] Although the issue is rarely discussed, there appears to be some disagreement across the Circuits concerning the availability of a constructive amendment claim after a guilty

Thomas correctly asserts that he pleaded guilty to the "possession" element of the felon-in-possession charge after his lawyer volunteered that the plea was being offered under a theory of constructive possession, but it does not follow that any of the offense's essential elements were modified. As noted earlier in this Opinion, to sustain a conviction under § 922(g), the Government may prove the possession element through either actual or constructive possession. See Part I, supra. The Information charging Thomas did not specify a particular theory of possession. Accordingly, the submission of the petitioner's guilty plea under a theory of constructive possession does not constitute a constructive amendment of the Information. See United States v. Bryant, 349 F.3d 1093, 1097-98 (8th Cir. 2003) (holding that the defendant's felon-in-possession conviction entered after an instruction on constructive possession did not constitute a constructive amendment because the indictment did not specify the theory of possession under which he was being charged).

---

plea. Compare, United States v. Iacaboni, 363 F.3d 1, 7 (1st Cir. 2004) (evaluating a constructive amendment claim in the context of a guilty plea), with United States v. Barrientos, 263 F.3d 162 & n.3 (5th Cir. 2001) (unpublished opinion) (noting that "constructive amendment inquiries typically are conducted in the context of jury trials and guilty verdicts, not guilty pleas," thus declining to ground its mandate on the defendant's constructive amendment argument). The Second Circuit does not appear to have taken a stance on the issue.

## CONCLUSION

Thomas's claim that his guilty plea was not given voluntarily or with understanding has been procedurally defaulted. Thomas fails to show cause and prejudice for his procedural default or actual innocence of the conviction to which he pleaded guilty. Thomas's ineffective assistance of counsel claim is rejected due to his failure to show that trial counsel's representations fell below an objective standard of reasonableness. Finally, Thomas has failed to demonstrate that his pleading guilty under a theory of constructive possession constituted a constructive amendment of the indictment. Consequently, Thomas's 28 U.S.C. § 2255 petition is hereby denied.

SO ORDERED.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
January 4, 2006